Filed 9/23/16  Westwood Montserrat v. AGK Sierra De Montserrat CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| WESTWOOD MONTSERRAT, LTD., | C080395 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0029131) |
| v. | |
| AGK SIERRA DE MONTSERRAT, L.P., et al., | |
| Defendants and Respondents. | |

Appellant Westwood Montserrat, Ltd. (Westwood) was formed in 2005 to develop real property in Loomis, California as a planned residential community called Sierra de Montserrat.  The property was divided into 62 lots, the majority of which were financed by a mortgage with Comerica Bank.  Westwood also filed a declaration of covenants, conditions, restrictions, and easements for Sierra de Montserrat (CC & R's) in Placer County.  But, in 2009, the bank initiated non-judicial foreclosure proceedings against 51 of Westwood's lots.  The bank later sold these lots to respondent AGK Sierra de Montserrat, L.P. (AGK).  The arbitration underlying this appeal involved the rights Westwood retained after the foreclosure and whether certain lots were in compliance with

1

the homeowners' association's governing documents.  The superior court confirmed the arbitration award, and entered judgment.

Westwood urges us to reverse the judgment and the superior court's rulings, claiming:  (1) the arbitrator failed to adjudicate three of its claims; (2) the arbitrator improperly granted a motion for nonsuit made by the homeowners' association, and failed to include sufficient findings and conclusions of law to support its decision; and (3) the final award is inconsistent with the "award" made in the first phase of the arbitration proceedings.  We affirm.  Neither the law nor the record support Westwood's allegations the arbitrator did not decide its claims or that the final award conflicts with an alleged earlier award.  And all of the issues raised by Westwood seek to review the unreviewable—the validity of the arbitrator's reasoning.  We do not, however, find the appeal frivolous.  Therefore, we deny respondent Sierra de Montserrat Owners Association's motion for sanctions.

## I.  BACKGROUND

In May 2011, Westwood filed an action in superior court alleging causes of action for declaratory relief, injunctive relief and continuing nuisance.  The CC & R's contain an arbitration agreement that provides for "final, binding arbitration of the Claim under the auspices of the [American Arbitration Association (AAA)] in accordance with the AAA's Commercial Arbitration Rules, as appropriate.  Such claims shall not be decided by or in a court of law.  Any judgment upon the award rendered by the arbitrator may be entered in and enforced by any court having jurisdiction over such Claim."  The provision also states that "[a]ll decisions respecting the arbitrability of any Claim shall be decided by the arbitrator(s)," and "[t]he award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law."

In 2013, Westwood filed, and then later amended, a claim for arbitration pursuant to this agreement.  The amended claim named AGK, Sierra de Montserrat Owners

2

Association, Robert C. Kincade and Jennielyn B. Kincade as respondents.[1]  As its name suggests, Sierra de Montserrat Owners Association is the homeowners' association for Sierra de Montserrat.  The Kincades purchased lot 16 within the development, upon which they constructed a residence.  Westwood alleged causes of action for declaratory relief, injunctive and monetary relief arising from alleged breaches to the development's governing documents, and continuing nuisance.  With respect to declaratory relief, the claim states Westwood "desires a judicial determination and declaration of Claimant's and Respondents' respective rights and duties under the Governing Documents,[2] and specifically a determination that Claimant Westwood is the Development Declarant, that it should have been entitled to appoint a majority of the members of the DRC [(design review committee)[3]] and review the plans for all home [*sic*] submitted prior to November 2012, and that the AGK-controlled DRC illegally and unlawfully acted to approve plans and construction to Lots 8, 10, 16, 18, 29 and 54 in violation with [*sic*] the requirements of the Governing Document and DRC Guidelines . . . ."  Westwood's nuisance cause of action is based on a section of the CC & R's providing that violations thereof constitute a nuisance.

The arbitrator ruled on cross motions for summary judgment on what Westwood and AGK agreed was the threshold issue of who is the declarant for purposes of the CC & R's.  The resolution of this issue was termed "Phase I."  The arbitrator ruled in favor of Westwood and found it is the declarant.

---

[1]  The Kincades were named as trustees of the Kincade Trust.

[2]  Defined in the claim as the CC & Rs, the articles of incorporation and the bylaws.

[3]  As indicated by Westwood's claim, the "declarant" under the CC & R's is entitled to certain rights, including rights relative to the appointment of members of Sierra de Montserrat's design review committee.

Following the summary judgment ruling, Westwood agreed to submit a statement as to what issues remained to be arbitrated in "Phase II." After Westwood filed a 29-page statement, the arbitrator made various rulings regarding the scope of Phase II that Westwood asked her to reconsider. Ultimately, the arbitrator concluded the six remaining issues were: spiked fence caps, stone façade (lot 54 only), chimney caps, awnings, front doors, and drainage and erosion issues on lots 16 and 54.

At the close of the arbitration proceeding, Sierra de Montserrat Owners Association moved for nonsuit on the grounds that no evidence was presented in support of Westwood's request for relief relative to the homeowners' association. The arbitrator ruled that the motion was "considered to be a Motion for Judgment pursuant to [Code of Civil Procedure] Section 631.8" and granted it based upon her finding that "there is no evidence before the Arbitrator which supports the notion that the Association is currently failing to enforce the CC&R's and the SWPP [storm water prevention plan] requirements found therein such that there is a present dispute requiring declaratory relief."

The arbitrator subsequently entered her final award. The award noted Sierra de Montserrat Owners Association had prevailed at the close of evidence. The award also incorporated the earlier Phase I ruling and ordered the replacement of the chimney caps and glass and steel doors on the home on lot 54, but ruled against Westwood with respect to the other remaining issues. As between Westwood and AGK, the arbitrator found there was no prevailing party and ordered each of them to bear their own fees and costs. The arbitrator found Sierra de Montserrat Owners Association and the Kincades were prevailing parties and ordered Westwood to pay their attorneys' fees and costs totaling $176,539.67 and $124,764.00, respectively.

The Kincades and Sierra de Montserrat Owners Association filed petitions to confirm the arbitration award and enter judgment in superior court. Westwood opposed the motions and petitioned to vacate the award. The superior court denied Westwood's petition to vacate and granted the petitions to confirm the award and enter judgment. The

4

court entered judgment in favor of the Kincades accordingly. Westwood timely appealed.

## II. DISCUSSION

*A. Review of Arbitration Awards*

Private arbitration proceedings are governed by title 9 of the Code of Civil Procedure, sections 1280-1294.2. [4] "[C]ourts will ' "indulge every intendment to give effect to such proceedings." ' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*).) Our Supreme Court has held that "judicial review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2) or correcting (§ 1286.6) an award." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775.) As relevant here, section 1286.2, subdivision (a)(3)-(5), provides: "the court shall vacate the award if the court determines any of the following: [¶] . . . [¶] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [¶] (4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [¶] (5) The rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title." Although section 1286.2 permits the court to vacate an award that exceeds the arbitrator's powers, " [i]t is well settled that 'arbitrators do not exceed their powers merely because they assign an erroneous reason for their decision.' " (*Moncharsh*, *supra,* at p. 28.) Moreover, we may not review the merits of the controversy between the parties, the validity of the arbitrator's reasoning, or the sufficiency of the evidence supporting the award. (*Id*. at p. 11.) "Thus, it is the general

---

[4] Undesignated statutory references are to the Code of Civil Procedure.

rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Ibid.*)

B.     *Allegedly Unadjudicated Claims*

Westwood asserts the arbitration award should be vacated because three of its claims were never adjudicated by the arbitrator as part of her final award:  (1)  That none of the construction performed on lots 16 and 54 complied with the requirements of the homeowners' association's governing documents because the owners did not submit their plans to a design review committee comprised of Westwood appointees, (2) that the construction of lot 54's four garage doors failed to conform with the governing documents; and (3) declaratory relief regarding whether the owners of lots 16 and 54 acted in violation of the governing documents.

In *Rodrigues v. Keller* (1980) 113 Cal.App.3d 838, 841 (*Rodrigues*), the Court of Appeal for the First District, Division One, explained other courts have held "that where the record shows that an issue has been submitted to an arbitrator and that he totally failed to consider it, such failure may constitute 'other conduct of the arbitrators contrary to the provisions of this title' justifying vacation of the award under" the former version of section 1286.2, subdivision (a)(5).  This concept arises from section 1283.4, which requires that the arbitration award "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."  The *Rodrigues* court enunciated four principles relevant to our review:  "First, it is presumed that all issues submitted for decision have been passed on and resolved, and the burden of proving otherwise is upon the party challenging the award. [Citations.]  [¶]  Second, to discharge that burden, the party attacking the award must demonstrate that a particular claim was expressly raised at some time before the award [citation], and that the arbitrator failed to consider it [citation].  [¶]  Third, the failure of an arbitrator to make a finding on even an express claim does not invalidate the award, so long as the award 'serves to settle the entire controversy' [citation].  This is a corollary of

6

the proposition that arbitrators are not obliged to find facts or give reasons for their award [citation].  Thus, '[a] decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission.'  [Citation.]  [¶]  Finally, there is the principle that the merits of the controversy are for the arbitrator, not for the courts."  (*Rodrigues, supra,* 113 Cal.App.3d at pp. 842-843.)

Applying the first two principles from *Rodrigues*, Westwood's argument fails because it has not satisfied its burden.  We agree with the trial court's characterization of the record as "show[ing] that the arbitrator considered such claims on numerous occasions."  It is apparent from the record and Westwood's briefing that its complaint is with *how* the arbitrator resolved these issues and her rulings on what claims remained in Phase II of the proceedings.  For instance, Westwood criticizes the arbitrator's statement at the arbitration hearing—in response to Westwood's complaint that approvals were made by a design review committee it did not appoint—that she would not relitigate Phase I, and, other than raising equitable issues, Westwood was limited to the remaining six issues for Phase II.  Likewise, Westwood disagrees with the arbitrator's ruling that "[t]he four door garage door issue is not included in the Phase II proceeding as it would necessitate substantial demolition to change and Claimant [Westwood] specifically stated it was not seeking demolition."  With respect to declaratory relief, the final award states Westwood is the declarant and Phase II was concerned with whether Westwood was entitled to injunctive or declaratory relief with respect to the six remaining issues.  The mere fact the award did not specifically mention declaratory relief thereafter does not mean the arbitrator did not consider whether any declaratory relief was warranted.  The arbitrator did not totally fail to consider these issues, but rather decided them adversely to Westwood.

Applying the third and fourth principles from *Rodrigues* demonstrates Westwood's complaints are simply not bases to vacate an arbitration award.  As the third principle from *Rodrigues* establishes, it is largely for the arbitrator to determine how to

7

construct the form of her decision. (See *Rodrigues, supra,* 113 Cal.App.3d at p. 843 [" '[a] decision simply that one of the parties should pay the other a sum of money is sufficiently determinative of all items embraced in the submission' "].) We recognize the applicability of this principle is somewhat complicated by the fact that, in this case, the arbitration agreement required that the arbitration award "be accompanied by detailed written findings of fact and conclusions of law." Contrary to Westwood's suggestion, however, this requirement alone does not expand the scope of our review to include which issues deserved specific mention in the arbitration award or whether these findings of fact and conclusions of law were correct: "The mode of decision and its reviewability are separate questions. [Citation.] [¶] Even where, as here, the parties specify that the arbitrators should state the reasons for the award in the manner of a statement of decision, no compelling inference may be drawn that the purpose of the statement is to afford a basis for broad-ranging judicial review." (*Pacific Gas & Electric Co. v. Superior Court* (1993) 15 Cal.App.4th 576, 589, abrogated on other grounds by *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376-377.) And while an award must "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy" (§ 1283.4), "[i]t is for the arbitrators to determine which issues were actually 'necessary' to the ultimate decision." (*Morris v. Zuckerman* (1968) 69 Cal.2d 686, 690.) Here, the arbitrator fulfilled her obligation to issue an award that included detailed findings of fact and conclusions of law. Beyond that, the merits of the controversy were for her to decide. (See *Rodrigues, supra,* at p. 843.) Westwood's assertion that the arbitrator failed to consider the claims it presented is an attack on what we cannot review—the arbitrator's reasoning. (*Moncharsh, supra,* 3 Cal.4th at p. 11.)

C.     *Motion for Judgment*

Westwood makes several arguments regarding the arbitrator's granting of Sierra de Montserrat Owners Association's motion for judgment pursuant to section 631.8:

8

(1) The arbitrator exceeded her powers by granting a motion for nonsuit after trial concluded; (2) the arbitrator failed to make sufficient written findings of fact and conclusions of law to support the decision; and (3) granting the motion violated Westwood's substantive right to maintain an action against a homeowners' association and therefore also substantially prejudiced Westwood's rights under section 1286.2, subdivision (a)(3),[5] and violated public policy.

As a threshold matter, the arbitrator did not grant a motion for nonsuit pursuant to section 581c, but ruled that the homeowners' association's motion was "considered to be" a motion for judgment pursuant to section 631.8, which she then granted. Thus, the arbitrator simply decided Westwood did not prevail on its claims against the homeowners' association, and Westwood's true complaint is again with the arbitrator's reasoning in support of her decision to deny Westwood its requested relief. We may not vacate the arbitration award, or this ruling, on that basis. (*Moncharsh, supra,* 3 Cal.4th at p. 11.)

D.     *Alleged Conflict in Arbitration Award*

Westwood also contends the arbitrator's award should be vacated because it is inconsistent with the "award" made in Phase I. Specifically, Westwood asserts the finding in the arbitrator's ruling in Phase I of the arbitration that Westwood is the declarant of the Sierra de Montserrat Owners Association was "at significant odds" with her decision not to grant relief on four of the six issues decided in Phase II. In support of its argument, Westwood cites a court of appeal decision describing the multiple incremental or successive award process and stating that "there are limitations to such

---

[5] Vacation of an arbitration award under this provision requires that "[t]he rights of the party were substantially prejudiced *by misconduct* of a neutral arbitrator." (§ 1286.2, subd. (a)(3), italics added.) Westwood does not allege misconduct within the meaning of section 1286, subdivision (a)(3), but at most legal error.

incremental awards, and that an arbitrator has no power to use the incremental award process to correct or modify the terms of an original award." (*Roehl v. Ritchie* (2007) 147 Cal.App.4th 338, 351.) The flaw in Westwood's argument is that the final arbitration award incorporates the summary judgment ruling. Thus, regardless of whether the Phase I ruling constitutes an "award," it has not been corrected or modified. Westwood's assertion is more properly described as being that the findings within the final arbitration award are not soundly reasoned. Again, this is the type of claim that is not subject to judicial review. (*Moncharsh, supra,* 3 Cal.4th at p. 11.)

E.      *Sanctions for Frivolous Appeal*

By written motion, Sierra de Montserrat Owners Association asks that we impose sanctions on Westwood and its attorneys for filing a frivolous appeal. (§ 907; Cal. Rules of Court, rule 8.276.) Although Westwood's claims lack merit and there is some evidence to support the homeowners' association's claim that Westwood took this appeal to delay the effect of the judgment against it,[6] we decline to find that this appeal is so egregious as to warrant the imposition of sanctions. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650, 651 ["[T]he punishment should be used most sparingly to deter only the most egregious conduct"].) Accordingly, Sierra de Montserrat Owners Association's motion is denied.

---

[6] We grant Sierra de Montserrat Owners Association's request for judicial notice of certain real property deeds relevant to this claim.

## III. DISPOSITION

The motion for sanctions is denied.  The judgment is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

RENNER, J.


We concur:


/S/

BUTZ, Acting P. J.


/S/

HOCH, J.

11